■ In the Matter of WALTER HOFFMAN, Appellant, v CLARK K. WILSON, as Director of Temporary Release, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered July 21, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's request to participate in a temporary release program. Petitioner, an inmate at the Arthur Kill Correctional Facility, applied to the temporary release committee for furlough and work release. Having scored in the regular consideration range of the temporary release point system, based on criminal history and behavior while in custody, petitioner was interviewed by the committee. The committee denied petitioner's application and his administrative appeal was similarly denied. This proceeding ensued. Participation in a temporary release program is a privilege (Correction Law, § 855, subd 9), and in our view the scope of judicial review of a determination denying an inmate's participation in such a program is limited to whether respondents have violated any positive statutory requirement or denied a constitutional right of the inmate (*Matter of Rosati v Grenis,* 50 AD2d 818) and whether respondents' determination is affected by irrationality bordering on impropriety (cf. *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77). The fact that petitioner is an "eligible inmate" (Correction Law, § 851, subd 2) does not make him automatically entitled to temporary release, for the committee must first determine that temporary release is "consistent with the safety of the community and the welfare of the applicant" (Correction Law, § 855, subd 4). Based upon the fact that the crime for which defendant was incarcerated involved arson for the purpose of collecting insurance proceeds, which jeopardized the lives of the occupants of the building in which the fire was set, the committee determined that petitioner's release would not be consistent with the safety of the community. We see no basis for disturbing this determination.

In its decision, the committee recognized petitioner's efforts to rehabilitate himself and his good prison record. Accordingly, there is no merit to petitioner's claim that the committee failed to consider relevant factors. Moreover, in the absence of any convincing showing to the contrary, it must be presumed that the relevant factors were considered (cf. *Matter of Friedman v Hammock*, 80 AD2d 976, 977). Finally, petitioner's conclusory allegations that the criteria for participation in the temporary release program have not been applied "evenhandedly" and that inmates with certain violent crimes are automatically excluded from consideration for temporary release are insufficient to provide a basis for judicial intervention. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.