■ In the Matter of DARRYL WALKER, Appellant, v EUGENE LEFEVRE, as Superintendent of Franklin Correctional Facility, et al., Respondents. [598 NYS2d 345] —Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 11, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determi-

nation of respondents denying petitioner's request to participate in a temporary work/furlough release program.

While incarcerated at Franklin Correctional Facility in Franklin County, petitioner applied to participate in a temporary work/furlough release program. Petitioner's application subsequently was denied "due to the very serious nature of [his] offense in which [he] shot [his] wife several times in front of [his] daughter and numerous school children". Petitioner thereafter commenced this CPLR article 78 proceeding alleging that the determination violated statutory and regulatory requirements and that it was irrational. Supreme Court dismissed the petition and this appeal by petitioner followed.

We affirm. Initially, we note that participation in a temporary release program is a privilege and not a right (see, Correction Law § 855 [9]). "The scope of judicial review * * * is limited to whether [the denial] violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it was] affected by irrationality bordering on impropriety" (Matter of Gonzalez v Wilson, 106 AD2d 386, 386-387). Here, there was clearly no denial of any constitutional right and, contrary to petitioner's argument, the reasons stated for the denial satisfied the statutory requirements and were not irrational. Moreover, even if it is accepted that it was necessary that the denial discuss petitioner's institutional behavior and rehabilitation (see, Matter of May v Hongisto, 99 Misc 2d 918; but cf., Matter of Davis v New York State Div. of Parole, 114 AD2d 412), respondents did expressly note petitioner's institutional record as well as his criminal history. The denial not only delineated the crime for which petitioner was incarcerated but also specifically acknowledged his "positive institutional adjustment" (see also, 7 NYCRR 1900.4). Finally, we reject petitioner's contention that respondents' answer was untimely served, as well as his claim that Supreme Court improperly rendered its decision without considering his reply.

Weiss, P. J., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.