■ In the Matter of JAMES DI GIOIA, Respondent-Appellant, v LEWIS TURNER, as Chairman of the Temporary Release Committee, et al., Appellants-Respondents. [626 NYS2d 572] —Peters, J. Cross appeals from a judgment of the Supreme Court (Spain, J.), entered September 20, 1993 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' determination denying his request for participation in a furlough program.

On August 17, 1992, petitioner, a prisoner at Clinton Correctional Facility in Clinton County serving a term of 5 to 15 years for a 1989 conviction of three counts of sodomy in the first degree, applied to the Temporary Release Committee for an extended furlough pursuant to 7 NYCRR 1900.3 (c) (iv). Petitioner scored well above the minimum point score necessary for participation in the furlough program *(see,* 7 NYCRR 1900.3 [c] [2]), yet his application was denied because "[t]he

serious nature of your Instant Offense, Sodomy 1st, suggests that your participation in Temporary Release would be contrary to the best interests of the community". It further specifically advised petitioner not to reapply "[b]ecause there is no expectation that the Committee's posture will change".

Petitioner filed an administrative appeal and simultaneously sought permission from respondent Commissioner of Correctional Services to participate in the program. The Commissioner advised that he would not intervene at such time since the appeal was pending. Petitioner's appeal was subsequently denied and the prohibition from reapplication upheld despite an acknowledgment of petitioner's excellent custodial adjustment and participation in therapeutic programs.

Petitioner commenced a CPLR article 78 proceeding to review the underlying determination and sought to compel the Commissioner to exercise his discretion, pursuant to Correction Law § 851 (2) (b), to lift the prohibition imposed upon him against reapplication to the furlough program. Supreme Court upheld the denial of petitioner's request to participate in the program yet granted him permission to reapply in the future. Respondents appeal and petitioner cross-appeals.

Correction Law § 855 (9) specifically provides that "[p]articipation in a temporary release program shall be a privilege". When an inmate has been denied participation in such a program, our scope of review is limited to a determination of whether "respondents have violated any positive statutory requirement or denied a constitutional right of the inmate * * * and whether respondents' determination is affected by irrationality bordering on impropriety" *(Matter of Hoffman v Wilson,* 86 AD2d 735 [citation omitted]; *Matter of Rosati v Grenis,* 50 AD2d 818). Here, we agree with Supreme Court that there exists no basis for disturbing the denial of temporary release predicated upon the seriousness of the crime for which petitioner was incarcerated *(see, Matter of Lippa v Coughlin,* 205 AD2d 814; *Matter of Hoffman v Wilson, supra).*

As to petitioner's contention that the Commissioner was required to pass upon the merits of his request for furlough regardless of whether he was recommended for participation, we disagree. Petitioner's conviction falls within the blanket prohibition concerning sex offenders convicted of offenses through forcible compulsion as set forth in Correction Law § 851 (2). Therein it specifically provides that "[n]otwithstanding the foregoing, no person who is an otherwise eligible inmate who is under sentence for a crime involving * * * (b) a

sex offense involving forcible compulsion * * * may participate in a temporary release program without the written approval of the commissioner" *(ibid.)*. It empowers the Commissioner to promulgate regulations giving direction to the Temporary Release Committee to carry out the mandates of the statute *(see,* 7 NYCRR part 1900). Mirroring the statutory authority, the regulations make clear that the Commissioner must only rule upon applications of those inmates falling within the parameters of Correction Law § 851 (2) if a release of such inmate is first approved by the Temporary Release Committee (7 NYCRR 1900.4 [e]), the Superintendent thereafter (7 NYCRR 1900.4 [m]) and passes review by the central office (7 NYCRR 1900.4 [n]). Should such approval continue to be recommended in cases such as this, "[f]inal approval * * * rests with the commissioner" (7 NYCRR 1900.4 [n] [1]; *see also,* 7 NYCRR 1900.5 [a]-[c]). Accordingly, we find no authority requiring the Commissioner to review applications for temporary release of those inmates falling within the parameters of Correction Law § 851 (2) if such applications do not pass preliminary review.

As to respondents' contention that Supreme Court erred in finding a prohibition from reapplication unreasonable, arbitrary and capricious in light of the clear language of 7 NYCRR 1900.4 *(l)* (4) stating that "[s]hould the case warrant, the inmate may be told not to reapply for the program requested", we agree. Hence, upon the facts presented, we find that the Temporary Release Committee properly directed petitioner not to reapply for the extended furlough program *(see, Moulden v Coughlin,* 210 AD2d 997).

Accordingly, the judgment of Supreme Court is hereby modified by reversing that portion which permitted reapplication to the temporary release program and, as so modified, affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as annulled that part of the determination prohibiting petitioner from reapplying to the furlough program; said determination is confirmed; and, as so modified, affirmed.