OPINION OF THE COURT
George B. Ceresia, Jr., J.
The inmate petitioner has commenced the instant CPLR article 78 proceeding seeking an order directing respondent to rescind and annul Executive Order No. 5 on the grounds that it violates the New York Constitution. Respondent also seeks an order restoring his eligibility to participate in the temporary release program.
Petitioner applied for participation in the temporary release program, specifically, the industrial training program, on May 10, 1995. Petitioner’s application was denied on the grounds that he was not eligible due to the provisions of Executive Order No. 5.
On January 24, 1995 Governor George Pataki signed Executive Order No. 5 which recited in part: 'T, George E. Pataki, Governor of the State of New York, by virtue of the authority vested in me by the Constitution and Laws of the State of New York, do hereby order the Commissioner of the Department of Correctional Services to promulgate, modify, adopt or rescind any rules or regulations, or emergency rules or regulations, as may be necessary from time to time to prevent the future transfer to any temporary release program or residential treatment facility of any inmate sentenced as a violent felony offender convicted of a crime involving the infliction of serious physical injury, the use or threatened use of a dangerous instrument or the use or threatened use of a deadly weapon.” (1995 McKinney’s Session Laws of NY, at A-230.) Pursuant to Executive Order No. 5, the Department of Correctional Services filed emergency regulations amending 7 NYCRR 1900.4 (c). The amendment provides, inter alia, that an inmate is
*434 barred from participating in the temporary release program if the inmate’s current commitment is for a crime involving either the use or threatened use of a deadly weapon or a dangerous instrument or the infliction of serious physical injury. The regulation also lists certain violent felony offenses, incarceration for which precludes eligibility in the temporary release program. Petitioner is serving a sentence for a crime which is included in Executive Order No. 5.
The argument made by petitioner is that Executive Order No. 5 violates the constitutional principle of separation of powers, inasmuch as it, according to petitioner, is an attempt to create or change the law, which is the sole responsibility of the Legislature.
Correction Law § 852 (1) recites as follows: "The commissioner, guided by consideration for the safety of the community and the welfare of the inmate, shall review and evaluate all existing rules, regulations and directives relating to current temporary release programs and consistent with the provisions of this article for the administration of temporary release programs shall by January first, nineteen hundred seventy-eight promulgate new rules and regulations for the various forms of temporary release. Such rules and regulations shall reflect the purposes of the different programs and shall include but not be limited to selection criteria, supervision and procedures for the disposition of each application.”
From the foregoing, it appears clear that the Legislature has delegated the responsibility for the formation of and administration of the temporary release program to the Commissioner. As a part of this process, the Commissioner is directed to promulgate appropriate rules and regulations, including those related to the selection criteria for eligibility for the program. As stated in Clark v Cuomo (66 NY2d 185, 189 [1985]), in referring to the doctrine of separation of powers: "[I]t is only when the Executive acts inconsistently with the Legislature, or usurps its prerogatives, that the doctrine of separation is violated”. In this instance the Legislature has clearly declared its policy, and in fact has charged the Commissioner with the very function which is challenged by petitioner. The court finds that Executive Order No. 5 is consistent with legislative policy. The court concludes that Executive Order No. 5 is not unconstitutional and specifically does not violate the doctrine *435 of separation of powers (Clark v Cuomo, supra; Bourquin v Cuomo, 85 NY2d 781 [1995]).*
Since petitioner has not demonstrated that respondent, or the New York State Department of Correctional Services, has violated any positive statutory requirement, has denied petitioner a constitutional right or that respondent’s determination is affected by irrationality bordering on impropriety, there is no grounds for restoring petitioner to eligibility in the temporary release program (Matter of Hoffman v Wilson, 86 AD2d 735; Matter of Di Gioia v Turner, 215 AD2d 815 [1995]).
Accordingly, it is ordered, that the petition be and hereby is dismissed.

 Ordinarily, a challenge to the constitutionality of a legislative enactment or regulation is more properly brought within the context of an action for a declaratory judgment (Press v County of Monroe, 50 NY2d 695, 702 [1980]). In view of the determination reached in this decision, however, there is no need to convert the proceeding under CPLR 103 [c]).