■ In the Matter of MICHAEL QUARTARARO, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [634 NYS2d 824] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 3, 1995 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondents denying petitioner's request to participate in a furlough program.

Petitioner, a prison inmate convicted of the crime of murder in the second degree, was denied participation in a furlough program based upon amendments to Correction Law § 851 (2) (*see*, L 1994, ch 60, § 42). He commenced this combined declaratory judgment action and CPLR article 78 proceeding seeking, *inter alia*, to invalidate certain regulations promulgated by respondent Commissioner of Correctional Services and to compel the Commissioner to consider his request for a furlough on the merits. Supreme Court found that petitioner was ineligible and dismissed the petition. We affirm.

Contrary to petitioner's claim, we do not find that the Commissioner exceeded his authority in promulgating regulations which extended the statutory provision barring inmates convicted of homicide and certain sex crimes from participat-

ing in work release programs (Correction Law § 851 [2]) to other types of temporary release programs (7 NYCRR 1900.4 [c] [2] [ii]). Rather, the Commissioner has explicit statutory authority to promulgate such regulations (*see*, Correction Law § 851 [2]; § 852 [1]) and such regulations are reasonably related to the Commissioner's legitimate penological interests in maintaining prison security and inmate discipline (*see*, *Matter of Allah v Coughlin*, 190 AD2d 233, 236, *lv denied* 82 NY2d 659). Moreover, they are not inconsistent with the legislative history behind the amendments to Correction Law § 851 (2) (*see*, L 1994, ch 60, § 42). In view of the foregoing, we find that petitioner was ineligible to participate in the furlough program and that Supreme Court properly dismissed the petition.

Mikoll, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.