■ In the Matter of RONALD CLOW, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [634 NYS2d 823] —White, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 10, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Commissioner of Correctional Services to consider petitioner's request to participate in an industrial training program.

Petitioner was convicted of the crime of manslaughter in the first degree and is currently incarcerated at Adirondack Correctional Facility in Essex County. His request to participate in an industrial training program was denied based on recent amendments to Correction Law § 851 (2) (*see,* L 1994, ch 60, § 42). Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to compel respondent Commissioner of Correctional Services to consider his request on the merits. Supreme Court dismissed the proceeding upon the ground that petitioner did not have a clear legal right to the relief requested in the petition. For the reasons which follow, the judgment must be affirmed.

Pursuant to Correction Law § 851, inmates may participate in a variety of temporary release programs, including work release, furlough, community service, industrial training, education leave and leave of absence, if they meet certain eligibility requirements. Effective April 1, 1994, Correction Law § 851 (2) was amended to provide, in pertinent part, that "no person under sentence for any homicide offense * * * shall be eligible to participate in a work release program" (*see,* L 1994, ch 60, § 42). The Commissioner subsequently promulgated regulations extending this prohibition to all forms of temporary release, including the industrial training leave sought by petitioner (*see,* 7 NYCRR 1900.4 [c] [2] [ii]).

The Commissioner has specific statutory authority to promulgate regulations governing temporary release programs (*see,* Correction Law § 851 [2]; § 852 [1]). In view of this and in light of the considerable discretion vested in the Commissioner to implement policies relating to the security of prison facilities and inmate discipline, we find the subject regulation to be reasonably related to legitimate penological interests (*see, Matter of Allah v Coughlin,* 190 AD2d 233, 236, *lv denied* 82 NY2d 659). We further find that it is not inconsistent with the legislative history behind the amendments to Correction Law § 851 (2) (*see,* L 1994, ch 60, § 42). Accordingly, petitioner is ineligible to participate in the industrial training program and has no

legal right to compel the Commissioner to consider his request (*see, Matter of Quartararo v New York State Dept. of Correctional Servs.*, 222 AD2d 758 [decided herewith]; *Matter of McCormack v Posillico*, 213 AD2d 913). Lastly, we reject petitioner's claim that the amendments to Correction Law § 851 (2) constitute an illegal ex post facto law (*see, Matter of Jandelli v Coughlin*, 217 AD2d 733).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.