THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. JOYNER, Appellant. [642 NYS2d 136] —Judgment unanimously affirmed. Memorandum: "Permission to withdraw a guilty plea is a decision that rests within the sound discretion of the court" (*People v Murray*, 207 AD2d 999, 999-1000, *lv denied* 84 NY2d 1014). County Court did not abuse its discretion in denying defendant's motion to withdraw the plea. At the plea allocution, defendant knowingly waived a possible intoxication defense (*see, People v Allen*, 216 AD2d 951, *lv denied* 87 NY2d 843) and "detailed his commission of the crime without apparent hesitation and without protestations of innocence" (*People v Lynch*, 156 AD2d 884, 885, *lv denied* 75 NY2d 921). The court also properly exercised its discretion in denying defense counsel's request to postpone sentencing for the purpose of obtaining defendant's medical records (*see, People v Santos*, 109 AD2d 901, *lv denied* 66 NY2d 922). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Robbery, 3rd Degree.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARA MERCADO, Appellant. [642 NYS2d 135] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: We reject the contention that defendant's conviction of assault in the first degree following a jury trial is based upon legally insufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

" 'It is well settled that a defendant has no absolute right to have [her] plea accepted by the court and that the decision whether to accept a reduced plea is a matter within the court's discretion' " (*People v Williams*, 158 AD2d 930, *lv denied* 75 NY2d 971, quoting *People v Manley*, 103 AD2d 1024). Nevertheless, we are constrained to express our strong disapproval of the manner in which County Court conducted itself during defendant's attempt to plead to a reduced charge.

Upon our review of the record, we conclude that the sentence imposed is unduly harsh. We, therefore, as a matter of discretion in the interest of justice, reduce defendant's sentence to an indeterminate term of incarceration of 2 to 6 years (*see, CPL 470.15 [6] [b]*). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault, 1st Degree.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.