■ In the Matter of JASON B. NICHOLAS, Appellant, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [650 NYS2d 317] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 21, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Commissioner of Correctional Services to consider petitioner's request to participate in an educational leave program.

Petitioner was an inmate at Woodbourne Correctional Facility in Sullivan County when his application for educational leave, enabling him to pursue his college studies outside the confines of the facility, was rejected on the ground that petitioner was ineligible under 7 NYCRR 1900.3 (e) for educational release because of his conviction of a homicide-related crime, to wit, the crime of manslaughter in the second degree. This determination was affirmed by respondent Commissioner of Correctional Services. Petitioner then brought this CPLR article 78 proceeding in the nature of mandamus, seeking to compel respondents to process his application for educational leave. Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Determinations regarding eligibility for participation in educational and training programs fall within the broad discretionary powers invested in the Department of Correctional Services (*see*, Correction Law § 852; *see also*, *Matter of Quartararo v New York State Dept. of Correctional Servs.*, 222 AD2d 758, *appeal dismissed* 87 NY2d 967). The determination regarding petitioner's eligibility was appropriately rendered and we decline to disturb it in the context of this appeal (*see*, *Matter of Di Gioia v Turner*, 215 AD2d 815, 816, *lv denied* 86 NY2d 705).

In so holding, we note that the application of 7 NYCRR 1900.3 (e) to petitioner, whose conviction predates the effective date thereof, does not violate the ex post facto doctrine inasmuch as the regulation in question neither alters the definition of the criminal conduct of which petitioner stands convicted nor does it increase the penalty by which such crime is punishable (*see*, *Matter of Quartararo v New York State Dept. of Correctional Servs.*, *supra*).

Cardona, P. J., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.