[654 NYS2d 198]

DIANE DORST et al., Appellants, v GEORGE PATAKI, as Governor of the State of New York, et al., Respondents.

Third Department, February 6, 1997

APPEARANCES OF COUNSEL

*William D. Gibney,* New York City, for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(Andrew D. Bing* of counsel), for respondents.

## OPINION OF THE COURT

CREW III, J.

Plaintiffs are five inmates at Albion Correctional Facility in Orleans County who commenced a CPLR article 78 proceeding seeking a declaration that defendant Governor's Executive Order No. 5 (9 NYCRR 5.5), issued January 24, 1995, was unconstitutional. The Executive Order prevented the "future transfer to any temporary release program or residential treatment facility of any inmate sentenced as a violent felony offender convicted of a crime involving the infliction of serious physical injury, the use or threatened use of a dangerous instrument or the use or threatened use of a deadly weapon". At the time that the Executive Order was issued, Correction Law § 851 (2) provided, *inter alia,* that "no person who is an otherwise eligible inmate who is under sentence for a crime involving: (a) infliction of serious physical injury upon another as defined in the penal law * * * or (c) any other offense involving the use or threatened use of a deadly weapon may participate in a temporary release program without the written approval of the [Commissioner of Correctional Services]". Plaintiffs, who were either eligible for temporary release or had been approved for work release, all became ineligible by reason of the terms of the Executive Order.

While this proceeding was pending, Correction Law § 851 (2) was amended (L 1995, ch 3, § 29) to provide that: "The governor, by executive order, may exclude or limit the participation of any class of otherwise eligible inmates from participation in a temporary release program. Nothing in this paragraph shall be construed to affect either the validity of any executive order previously issued limiting the participation of otherwise eligible inmates in such program or the authority of the [Commissioner] to impose appropriate regulations limiting such participation."

Supreme Court, after converting the CPLR article 78 proceeding to a declaratory judgment action, declared the Executive Order unconstitutional in that it imposed restrictions upon the temporary release program that were inconsistent with the eligibility requirements established by the Legislature

in Correction Law § 851 (former [2]). Additionally, Supreme Court declared the 1995 amendment to Correction Law § 851 (2) a constitutional delegation of legislative authority to the Executive. Plaintiffs appeal only from that part of Supreme Court's order declaring the 1995 amendment constitutional.*

Plaintiffs contend that the Legislature improperly delegated to the executive branch the authority to exclude or limit the participation of otherwise eligible inmates in temporary release programs in violation of the separation of powers doctrine. We disagree. While it is clear that the Legislature cannot delegate its law-making functions to other bodies, there is no constitutional prohibition against the delegation of power to the executive branch to administer laws promulgated by the Legislature, so long as that power is circumscribed by appropriate safeguards and standards (see, e.g., Matter of Levine v Whalen, 39 NY2d 510, 515). Plaintiffs argue that the delegation of authority here contains absolutely no safeguards or standards, thus giving the Executive unbridled authority to issue Executive Orders excluding any or all inmates otherwise eligible for temporary work release. In our view, the safeguards and standards may be found in the statutory scheme of which the amendment is a part (see, Cavaioli v Board of Trustees of State Univ. of N. Y., 116 AD2d 689), and such standards are as applicable to the Governor as they are to the Commissioner of Correctional Services.

Here, the Correction Law specifically provides that determinations regarding temporary release programs shall be "guided by consideration for the safety of the community and the welfare of the inmate" (Correction Law § 852 [1]). To the extent that plaintiffs contend that such standards are too general and thus insufficient, it suffices to observe that legislative delegations of authority have been sustained when such delegations encompassed standards equally as general as the one at issue here (see, e.g., Boreali v Axelrod, 71 NY2d 1; Matter of Levine v Whalen, supra, at 516; Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 276-277). Accordingly, we find that Supreme Court appropriately determined that Laws

---

* On this appeal, the term "plaintiffs" refers only to plaintiffs Diane Dorst, Diane Damelio and Florence Mattison. Plaintiffs Antoinette Ferrer and Miriam Rodriguez already had been approved for temporary release at the time of the execution of the Executive Order and, in view of Supreme Court's decision declaring it unconstitutional, their claims became moot.

of 1995 (ch 3, § 29) is a constitutional delegation of legislative authority to the Executive.

MIKOLL, J. P., WHITE, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.