◼ In the Matter of DAMIAN C. ROSSNEY, Appellant, v GEORGE PATAKI, as Governor of the State of New York, et al., Respondents. [657 NYS2d 119] —Carpinello, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered July 29, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Temporary Release denying petitioner's request for participation in a temporary work release program.

Petitioner, an inmate at Woodbourne Correctional Facility in Sullivan County convicted of the crimes of conspiracy in the second degree and criminal facilitation in the second degree for his participation in the murders of four people (*see, People v Rossney,* 178 AD2d 765, *lv denied* 79 NY2d 1007), was denied participation in a work release program based upon Executive

Order No. 17 (9 NYCRR 5.17), as well as a recent amendment to Correction Law § 851 (2) (*see*, L 1995, ch 3, § 29). Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to compel respondents to admit him to the program and challenging the constitutionality of Executive Order No. 17 and Correction Law § 851 (2) (as amended by L 1995, ch 3, § 29). Supreme Court dismissed the proceeding, prompting this appeal. For the reasons that follow, the judgment must be affirmed.

As relevant to this proceeding, Correction Law § 851 (2) provides: "The governor, by executive order, may exclude or limit the participation of any class of otherwise eligible inmates from participation in a temporary release program. Nothing in this paragraph shall be construed to affect either the validity of any executive order previously issued limiting the participation of otherwise eligible inmates in such program or the authority of the [Commissioner of Correctional Services] to impose appropriate regulations limiting such participation" (*see*, L 1995, ch 3, § 29). In accordance with the authority delegated to him by the Legislature under this provision, the Governor issued Executive Order No. 17 on September 1, 1995 ordering that respondent Commissioner of Correctional Services bar inmates convicted of homicide and sex offenses or any attempt or conspiracy to commit such crimes from participating in temporary release programs. The Department of Correctional Services thereafter amended the temporary release eligibility regulations contained in 7 NYCRR 1900.4 to reflect this executive mandate.

With respect to petitioner's contention that the Laws of 1995 (ch 3, § 29) constitutes an unconstitutional delegation of law-making powers and that this delegation is without adequate standards and safeguards, these exact issues were raised and rejected by this Court in *Dorst v Pataki* (228 AD2d 4). Accordingly, we again reject these contentions and reiterate that the Laws of 1995 (ch 3, § 29) is a constitutional delegation of legislative authority to the Executive and that this delegation of authority is not lacking adequate safeguards and standards (*see, id.*).

With respect to petitioner's claim that 7 NYCRR 1900.4 (c) (2) (ii) is an invalid implementation of Executive Order No. 17 and conflicts with Correction Law § 851 (2), we note that "[t]he Commissioner has specific statutory authority to promulgate regulations governing temporary release programs" (*Matter of Clow v Coughlin*, 222 AD2d 781; *see*, Correction Law § 851 [2]; § 852 [1]). Significantly, the exercise of rule making authority

must be "guided by consideration for the safety of the community and the welfare of the inmate" (Correction Law § 852 [1]; see, Dorst v Pataki, supra; see also, Matter of Quartararo v New York State Dept. of Correctional Servs., 222 AD2d 758, appeal dismissed 87 NY2d 967). Pursuant to 7 NYCRR 1900.4 (c) (2) (ii), an inmate is barred from participating in temporary release programs if the inmate's current commitment is for, among other crimes, a crime involving a homicide offense or any attempt or conspiracy to commit such offense. In view of the Commissioner's authority to promulgate regulations governing temporary release programs and in view of this Court's decision in Dorst v Pataki (supra), we find the subject regulation to be reasonably related to the Commissioner's legitimate interests in maintaining prison security and inmate discipline (see, Matter of Clow v Coughlin, supra) and is entirely consistent with the legislative history behind the amendment to Correction Law § 851 (2) (L 1995, ch 3, § 29) (see generally, Matter of Quartararo v New York State Dept. of Correction Servs., supra). We further note that participation in a temporary release program is a privilege and not a right (see, Correction Law § 855 [9]; see also, Matter of Walker v LeFevre, 193 AD2d 982, 983) and find that there is a rational basis for the correctional classifications outlined in Correction Law § 851 (2) and 7 NYCRR 1900.4 (c) (2) (ii) (see generally, Matter of Jimenez v Coughlin, 117 AD2d 1, lv denied 68 NY2d 606).

Finally, in considering the merits of the determination finding petitioner ineligible for temporary release, this Court's review " 'is limited to whether [the denial] violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it was] affected by irrationality bordering on impropriety' " (Matter of Walker v LeFevre, supra, at 983, quoting Matter of Gonzalez v Wilson, 106 AD2d 386, 386-387). In this case, the denial neither violated any statutory requirement—rather it was based on the express mandates of Executive Order No. 17, Correction Law § 851 (2) and 7 NYCRR 1900.4—nor denied a constitutional right of petitioner. Accordingly, there exists no basis for disturbing the denial of temporary release predicated upon the crime for which petitioner was incarcerated (see generally, Matter of Rand v Coughlin, 229 AD2d 803).

Petitioner's remaining contentions have been reviewed and determined to be lacking in merit.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.