■ In the Matter of STEVEN J. ROMER, Appellant, v GLENN S. GOORD, as Acting Commissioner of the Department of Correctional Services, et al., Respondents. [662 NYS2d 132] —In a proceeding pursuant to CPLR article 78 to review a determina-

tion of the respondent, James F. Recore, Director of Temporary Release Program, denying the petitioner's application to participate in a work release program, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered January 23, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Correction Law § 855 (9) specifically provides that "[p]articipation in a temporary release program shall be a privilege". When an inmate has been denied participation in such a program, our scope of review is limited to whether the denial violated any statutory requirement or constitutional right of the inmate, and whether the determination was affected by irrationality bordering on impropriety (*see, Matter of Rossney v Pataki*, 239 AD2d 632; *Matter of Di Gioia v Turner*, 215 AD2d 815, 816; *Matter of Grant v Temporary Release Comm.*, 209 AD2d 617; *Matter of Walker v LeFevre*, 193 AD2d 982, 983; *Matter of Gonzalez v Wilson*, 106 AD2d 386, 387; *Matter of Hoffman v Wilson*, 86 AD2d 735).

The petitioner failed to establish that the respondents violated any statutory requirement or denied any constitutional right in reaching the determination (*see,* Correction Law § 855 *et seq.;* 7 NYCRR 1900 *et seq.).* The fact that the petitioner is an eligible inmate does not make him automatically entitled to temporary release, as it must first be determined that temporary release is "consistent with the safety of the community and the welfare of the applicant" (Correction Law § 855 [4]). The denial of the petitioner's application for temporary work release was predicated upon the seriousness of the crimes for which the petitioner was incarcerated and the risk that he posed to the safety of the community, and therefore was not irrational (*see, Matter of Di Gioia v Turner, supra; Matter of Bell v Posillico*, 213 AD2d 959; *Matter of Lippa v Coughlin*, 205 AD2d 814; *Matter of Hoffman v Wilson, supra,* at 735).

The petitioner's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.