■ In the Matter of LYNDON C. JOHNSON, Appellant, v JAMES RECORE, as Temporary Release Committee Chairman of the New York State Department of Correctional Services, Respondent. [726 NYS2d 303] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered August 22, 2000 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to participate in a temporary release program.

Petitioner, serving a sentence for attempted murder in the second degree, applied for permission to participate in an industrial training leave as part of a temporary release program. The application was denied as the offense for which petitioner is incarcerated renders him ineligible to participate in such program (see, 7 NYCRR 1900.4 [c] [1] [ii]; [3]). Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

Inasmuch as an inmate's participation in a temporary release program is a privilege and not a right (see, Correction Law § 855 [9]), "our review is limited to determining whether the denial of the privilege 'violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety' " (Matter of Williams v Recore, 251 AD2d 833, 833-834, quoting Matter of Gonzalez v Wilson, 106 AD2d 386, 386-387). Petitioner has not established that the denial of his application

was affected by a statutory or constitutional violation (*see, Matter of Rossney v Pataki*, 239 AD2d 632) and, accordingly, we decline to disturb the determination that petitioner was ineligible to participate in the temporary release program. Petitioner's remaining assertions have been examined and found to be without merit.

Crew III, J. P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.