■ In the Matter of MARK A. CODY, SR., Appellant, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [805 NYS2d 726]—

Peters, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered December 27, 2004 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to compel respondent Commissioner of Correctional Services to permit petitioner to participate in a temporary release program.

Petitioner is currently serving a sentence of 20 years to life imposed upon his conviction of the crime of murder in the second degree. With a history of domestic violence and alcohol abuse, he applied to participate in a chemical dependency/domestic violence program. His application was denied because his security classification exceeded the minimum eligibility requirement established for the program. Petitioner appealed through the inmate grievance program, seeking a modification of the security classification requirements or implementation of a comparable program for inmates with higher security classifications. Petitioner's appeal was denied, prompting him to commence this CPLR article 78 proceeding. Supreme Court dismissed petitioner's application, prompting this appeal.

Respondent Commissioner of Correctional Services has the authority to promulgate regulations regarding eligibility for temporary release programs (*see* Correction Law § 851 [2]). In developing participation requirements, the Commissioner must consider the safety and welfare of the community and inmates (*see* Correction Law § 70 [2]; § 851 [1]; *Matter of Rossney v Pataki*, 239 AD2d 632, 633-634 [1997]). Inasmuch as the program in which petitioner wishes to participate involves outside employment, the security classification requirements are clearly rationally related to security and community safety concerns and do not violate any statutory or constitutional provisions (*see Matter of Rossney v Pataki, supra* at 634; *Matter of Clow v Coughlin*, 222 AD2d 781, 781 [1995]; *see also Lee v Governor of State of N.Y.*, 87 F3d 55, 60 [1996]).

Additionally, as participation in temporary release programs is a privilege, the Commissioner has no obligation to provide programming to inmates (*see Matter of Johnson v Recore*, 284 AD2d 692, 692 [2001]; *Matter of Rossney v Pataki, supra* at 634). For that reason, petitioner has no right to compel the Commissioner to provide him either with the requested program or one that is comparable (*see Matter of Rossney v Pataki, supra* at 634; *Matter of Clow v Coughlin, supra* at 781-782).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.