OPINION OF THE COURT
Dan Lamont, J.
*703 Petitioner Cheryl L. Nesbitt, an inmate at Albion Correctional Facility, brings this CPLR article 78 proceeding to review the respondents’ determination denying her application for temporary work release (TWR), and respondent Bonacci’s administrative affirmance thereof dated September 21, 2005. Petitioner contends that respondents’ denial of petitioner’s application for temporary work release was arbitrary and capricious, in violation of lawful procedure, and in excess of authority. Petitioner sets forth a litany of alleged errors including: (1) the temporary release committee (TRC) members were not all authorized to sit on her TRC, and (2) the respondents failed to follow virtually all of the rules, regulations, and procedures for TWR determinations.
Respondent has filed an answer, asserting as an affirmative defense that the petition fails to state a cause of action. Petitioner has filed a reply thereto.
The Law: Temporary Work Release
Participation in a temporary work release program is a privilege; nothing in the law confers upon petitioner a right to participate in a temporary work release program (see, Correction Law § 855 [9]; Matter of Szucs v Recore, 209 AD2d 803 [3d Dept 1994]; Matter of Confoy v New York State Div. of Parole, 173 AD2d 1014 [3d Dept 1991]). The committee and/or the superintendent must determine whether granting temporary work release to the applicant is consistent with the safety of the community and the welfare of the applicant (Correction Law § 855 [4], [5]).
The scope of judicial review of a denial of participation in the temporary work release program is limited to whether respondent’s decision violated a positive statutory requirement or denied a constitutional right, or whether the decision of respondent was affected by “irrationality bordering on impropriety” (see, Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; Matter of Bruno v Recore, 227 AD2d 709 [3d Dept 1996]; Matter of Walker v LeFevre, 193 AD2d 982 [3d Dept 1993]).
Background: Denial of Temporary Work Release
Petitioner is presently serving an indeterminate sentence of 5 to 10 years’ imprisonment following her conviction for grand larceny in the second degree, a class C felony. On or about August 2, 2005, petitioner signed a preprinted work release ap *704 plication containing a point score total of 50 — in the score range of: “N/S-HIGH” (nonstatutory high).
On or about August 16, 2005, petitioner appeared before the TRC. Respondent TRC denied petitioner’s application for temporary work release based upon the following: ‘TO involved theft of large sum money from her employer by transferring funds from business account into her own account. Prior conviction for GL 3rd. TRC notes clean disciplinary & acceptable programming.”
By letter dated August 23, 2005, petitioner inquired of respondent Superintendent Kirkpatrick as to when and whether he reviewed her TWR application. Respondent Kirkpatrick referred her correspondence to the deputy superintendent of programs. By memo dated August 25, 2005, the acting deputy superintendent of programs informed petitioner that “[t]here is no need for the Superintendent or his designee to review local decision of denial for work release.”
The TRC’s decision was upheld upon the petitioner’s administrative appeal. Respondent Bonacci’s decision dated September 21, 2005 stated:
“Your instant offense, Grand Larceny NA 2, involved the theft of a large sum of money from your employer. Acceptable custodial adjustment is noted. However, the serious nature of your instant offense coupled with the blatant disregard for the property of others renders you an unsuitable candidate for work release. The inmate may re-apply for work release on 06/2006.”
Discussion
The respondent TRC’s and respondent Bonacci’s determinations denying petitioner’s application were clearly based upon the serious nature of petitioner’s instant offense — involving the theft of very large sums of money from her employer while abusing her position of trust — coupled with petitioner’s prior theft related criminal history. A denial of temporary work release based upon petitioner’s instant offense and her prior criminal history is neither irrational nor bordering on impropriety (see, Matter of Walker v LeFevre, supra). The alleged variances in the amounts of money stolen by petitioner are not significant enough to render respondents’ determination irrational. Petitioner cannot deny that she stole substantial and significant funds from her employer by abusing a position of trust.
*705 However, based upon the record provided to the court, respondent Superintendent Kirkpatrick clearly has not reviewed petitioner’s application for temporary work release at any stage of the proceedings. 7 NYCRR 1900.4 (e) (3) (i) states:
“There are four scoring ranges: low-denied, low-O.D., nonstatutory high, and refer to temporary release committee. Low-denied scores cannot be accepted into temporary release programs. Other scores will be referred to the temporary release committee for decision, except the nonstatutory high, which is referred directly to the superintendent.” (Emphasis supplied.)
Other than a general denial, the respondents’ answering papers fail to even address the issue as to why petitioner’s application was not referred directly, or at any time, to the superintendent for his review. The determination of whether an applicant is granted temporary work release is inherently discretionary. As such, the person who or entity which determines an application for temporary work release should be and must be the appropriate person or entity. Based upon petitioner’s nonstatutory high point score of 50 and pursuant to the provisions of 7 NYCRR 1900.4 (e) (3) (ii), petitioner’s application for temporary work release must be reviewed by the superintendent.
The superintendent as the person who was supposed to review and determine petitioner’s application for TWR never saw it. The TRC which was not supposed to consider petitioner’s application for TWR nevertheless reviewed and denied her application, thereby precluding review by the superintendent— who only reviews applications approved by the TRC (7 NYCRR 1900.4 [m]). Therefore, the superintendent who was required to review and determine petitioner’s TWR application never reviewed it or made any determination thereon. The foregoing constitutes a violation of Department of Correctional Services’ (DOCS) own rules and regulations. The petitioner is prejudiced thereby because the superintendent may have approved her application for TWR.
This court holds and determines that the respondents’ determination denying petitioner’s temporary work release application was affected by an error of law, was in violation of DOCS’ own rules and regulations, and was made in violation of lawful procedure. Accordingly, such determination is hereby annulled, and respondents are hereby directed to provide petitioner with *706 a review of her TWR application by the superintendent in accordance with DOCS’ own rules and regulations.
Addendum
This court is not saying that petitioner should have been granted TWR. This court is not saying that the denial or granting of TWR is a determination that can be easily or lightly made. However, this court is holding and determining that respondent DOCS must follow its own rules, regulations and procedures pertaining to the determination of applications for temporary work release.
If DOCS does not wish the superintendent to initially review and determine the temporary work release applications of inmates in the nonstatutory high score range, then DOCS should amend or change its own rules and regulations.
Conclusion
This court holds and determines that the petition should be and the same is hereby granted; the respondents’ determination herein is hereby annulled; and the respondents are directed to provide petitioner with a review of her application for temporary work release by the superintendent in accordance with DOCS’ own rules and regulations.
It is adjudged that the petition is granted, and the matter is remitted to the respondents for review and determination of petitioner’s TWR application by the superintendent.