# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**641**

**KA 11-00414**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ALBERT BURNICE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 17, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty to two counts of burglary in the second degree (Penal Law § 140.25 [2]). We agree with defendant that the waiver of the right to appeal was not valid inasmuch as it is not evident from the record that County Court (Keenan, J.) determined that defendant understood the consequences of that waiver (*see People v Bradshaw*, 18 NY3d 257, 264-265; *People v Lopez*, 6 NY3d 248, 256). Furthermore, the court did not advise defendant that the waiver included a challenge to the severity of the sentence (*see People v Maracle*, 19 NY3d 925, 928; *People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076). In any event, we conclude that defendant's challenge to the negotiated sentence as unduly harsh and severe is without merit.

We reject defendant's further contention that the court abused its discretion by refusing to accept defendant's initial plea to one count of the indictment after defendant stated that the court threatened and pressured him into accepting the plea (*see People v Mercado*, 226 AD2d 1125, 1125, *lv denied* 88 NY2d 968). We also reject defendant's contention that County Court (Argento, J.) misapprehended its authority when it failed to issue a "violent felony override" upon the retirement of the judge who had reserved on defendant's request for such an override at the time of sentencing. Judge Argento properly noted that there is no procedure for the issuance of such a document. Indeed, "no regulation or statute provides for such a

document" (*People v Ellis*, 123 AD3d 1054, 1054; *see generally People v Massey*, 111 AD3d 1359, 1359).  To the extent that the provisions of 7 NYCRR 1900.4 (c) (1) (iii) are utilized by the Department of Corrections and Community Supervision in determining whether certain inmates are eligible for institutional programming (*see generally People v Dozier*, 109 AD3d 838, 840, *lv denied* 22 NY3d 1040; *Matter of Clow v Coughlin*, 222 AD2d 781, 781-782), we note that defendant was not prevented by the court from obtaining documentation from the court or the District Attorney indicating that no weapons were used in these offenses and that no person sustained a serious injury.

Entered:  June 12, 2015                         Frances E. Cafarell
                                                Clerk of the Court