■ In the Matter of MEYERS BROS. PARKING SYSTEMS, INC., Respondent, v SHELLEY J. SHERMAN, as Deputy Commissioner of the New York City Department of Consumer Affairs, et al., Appellants. In the Matter of TOWER PARKING LINCOLN MET, INC., Respondent, v SHELLEY J. SHERMAN, as Deputy Commissioner of the New York City Department of Consumer Affairs, et al., Appellants. — Order, Supreme Court, New York County (Fraiman, J.), entered November 14, 1980, which granted petitioner Meyers Bros. Parking Systems, Inc.'s application in a CPLR article 78 proceeding for a judgment annulling and vacating the $900 fine imposed by respondent Deputy Commissioner of the New York City Department of Consumer Affairs and remanded the matter to the Department of Consumer Affairs for a redetermination of the fine and order of said court (Nadel, J.), entered November 14, 1980, which granted petitioner Tower Parking Lincoln Met, Inc.'s application in an article 78 proceeding for a judgment annulling and vacating the $3,000 fine imposed by respondent Deputy Commissioner of the New York City Department of Consumer Affairs and remanded the matter to the Department of Consumer Affairs for a redetermination of the fine, unanimously reversed, on the law, without costs and without disbursements, the respective applications are denied and petitions dismissed, and the fines are reinstated. Each petitioner is licensed by the New York City Department of Consumer Affairs to operate a parking garage. Subdivision a of section B32-257.0 of the Administrative Code of the City of New York states that "[n]o motor vehicle shall be accepted by a licensee for parking, or storage, in excess of the capacity of the garage or parking lot, as shown in the license." The penalty for violation of this enactment is set forth in subdivision e of section 773-4.0 of the Administrative Code which states: "The Commissioner shall be authorized, upon due notice and hearing, to suspend, revoke or cancel any license issued by him in accordance with the provisions of this chapter and, except to the extent that dollar limits are otherwise specifically provided for in this chapter, the commissioner * * * may impose or institute fines of not more than three

hundred and fifty dollars nor less than five dollars for *each violation* of this chapter and regulations and rules promulgated under it" (emphasis supplied). Petitioner Meyers Bros. Parking Systems, Inc. was fined $900 for parking a total of nine cars over the capacity of 61 at its 77 West 55th Street, Manhattan location, and petitioner Tower Parking Lincoln Met, Inc. was fined $3,000 for parking a total of 30 cars over the capacity of 80 at its 60 West 66th Street, Manhattan location. Petitioners contend that the statute imposes a maximum fine of $350 for all the cars permitted to park over capacity as a single offense and does not authorize respondents to cumulate penalties for each car parked in excess of the listed capacity of the garage. The fine imposed on petitioners amounted to $100 for each car parked over capacity. The issue on appeal is whether the acceptance of each car for parking by the licensee in excess of its authorized capacity constitutes a separate violation of the Administrative Code subjecting the licensee to a penalty each time it was done. The statute declares that "[n]o *motor vehicle* shall be accepted by a licensee for parking * * * in excess of * * * capacity". (Administrative Code, § B32-257.0, subd a, emphasis supplied.) The penalty for "each violation" may consist of a fine of from $5 to $350. Respondents have made a reasonable application of the violation and penalty provisions. Each time a licensee accepts a car in excess of its capacity limitation, a separate violation occurs which may be separately penalized. No temporal space requirement between violations exists in the statute. A new violation could occur within seconds of the prior one. The legislative intent to punish separately for each offense manifestly appears and the unit of prohibited conduct is properly defined. If the penalties were limited to $350 maximum on any single day, the fine would simply be a cost of doing business in view of the high parking prices in Manhattan, especially in its more congested areas. As aptly noted in *Oriental Blvd. Co. v Heller* (27 NY2d 212, 220): "With respect to the effect of cumulative penalties, were this a novel proposition, plaintiffs perhaps might have a substantial contention. However, the courts have long sustained a pyramiding of penalties as valid means of control (*People* v. *Spencer,* 201 N. Y. 105, 111; *Suydam* v. *Smith,* 52 N. Y. 383, 388-389)." A construction of the statute, other than to the effect that a violation is committed any time a car is accepted for parking after the licensee garage has reached its capacity, would hardly satisfy the legislative purpose or act as a warning to discourage the prohibited act. The public safety interest must be accommodated. Finally, we do not find the penalties to be so disproportionate to the offenses as to be excessive. The amount of the fine imposed was based on and directly proportionate to the number of violations. Although authorized to impose a maximum fine of $350 for each violation, the respondents imposed a uniform penalty of $100 for each violation, i.e., for each car accepted in excess of capacity. The penalties imposed were not shocking to one's sense of fairness. Concur — Murphy, P. J., Sandler, Lupiano, Bloom and Milonas, JJ.