■ In the Matter of V & A TOWING, INC., Petitioner, v CITY OF NEW YORK et al., Respondents. [602 NYS2d 355] —Determination of the Commissioner of the Department of Consumer Affairs ("Department"), dated June 4, 1992, which, *inter alia,* suspended the petitioner's towing license for a period of one month, imposed a $5,000 fine and directed the petitioner to pay a total of $3,639.78 in restitution, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, Ira Gammerman, J., entered November 16, 1992), is dismissed, with costs.

There was substantial evidence to support the determination of the Department, finding, after a full evidentiary hearing, that the petitioner, a licensed private tow truck company, had violated Administrative Code of the City of New York § 20-509 by imposing unauthorized charges for illegal parking and storage fees in excess of the maximum statutory rate on numerous vehicle owners and had violated the standards of honesty, integrity and fair dealing required of all tow truck licensees. Accordingly, the Department properly ruled that the petitioner could not "act as a privately owned version of a municipal parking violations bureau" by imposing "punitive

charges" for "illegal parking", where, as here, the evidence adduced at the hearing established that the petitioner's method of operation and abuse of the public, both verbal and physical, violated the requisite standards of honesty, integrity and fair dealing required of all licensees (Administrative Code § 20-101).

Petitioner's contention that the constitutional proscription against ex post facto application of a statute is here applicable is without merit. The constitutional proscription is applicable only to criminal matters.

Finally, it cannot be said that the penalties imposed were so disproportionate as to shock one's objective sense of fairness where, as here, the petitioner's violations encompassed 45 separate complaints against the petitioner based upon separate violations that occurred between 1989 and 1991, as well as upon a previous finding by the Department that the same petitioner had overcharged a complainant by $1,842.25 in towing and storage fees, and where, in addition to restitution, the Department could have revoked the petitioner's license and fined the petitioner up to $2,000 for each of the violations (Administrative Code § 20-522 [b] [1]; § 20-104 [e] [1], [2]; *see, Matter of Meyers Bros. Parking Sys. v Sherman,* 87 AD2d 562, 563, *affd* 57 NY2d 653; *Matter of Santarella v New York City Dept. of Correction,* 53 NY2d 948). Concur—Carro, J. P., Wallach, Kupferman and Kassal, JJ.