■ In the Matter of CHRISTOPHER MCCORMACK, Appellant, v L. POSILLICO, as New York State Department of Correctional Services Temporary Release Program Reviewer, Respondent. [624 NYS2d 304] —Casey, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 6, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for participation in the temporary work release program.

Petitioner, who is imprisoned on a conviction of murder in the second degree, applied to participate in the temporary work release program in November 1993. The temporary release committee denied petitioner's application in a decision that was affirmed upon petitioner's administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination, claiming that inade-

quate consideration was given to certain factors which were required to be considered pursuant to Correction Law § 855. We agree with Supreme Court that the petition fails to state a cause of action.

Effective in April 1994, Correction Law § 851 was amended to provide that no person under sentence for certain offenses, including murder in the second degree, shall be eligible to participate in a work release program (L 1994, ch 60, § 42). The provision was expressly made applicable "to inmates entering the work release program on or after [April 1, 1994]" (L 1994, ch 60, § 46 [c]). Inasmuch as petitioner has not yet entered the program, the amendment is applicable to him and he is ineligible to participate in the program. Accordingly, he is not entitled to any relief. The only relief we could grant to petitioner would be to annul the determination and remit the matter to the administrative agency for reconsideration *(see, Burke's Auto Body v Ameruso,* 113 AD2d 198, 200-201), which would be a futile gesture because of petitioner's ineligibility.

Participation in the temporary work release program is a privilege, not a right (Correction Law § 855 [9]) and, therefore, the ex post facto doctrine is inapplicable *(People v Miller,* 79 AD2d 687, 688, *cert denied* 452 US 919). The purpose of the amendment is not to increase the punishment for the crime previously committed by petitioner, but to regulate current participation in the temporary work release program *(see, Matter of Springer v Whalen,* 68 AD2d 1011, 1012, *lv denied* 47 NY2d 710). In any event, were we to reach the merits of the petition, we would conclude that the determination should not be disturbed *(see, Matter of Walker v LeFevre,* 193 AD2d 982).

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.