■ In the Matter of JAMES CONWAY, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Depart-

ment of Correctional Services, et al., Respondents. [630 NYS2d 264] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 29, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as moot.

In January 1994, petitioner, while incarcerated at Woodbourne Correctional Facility in Sullivan County, applied for temporary work release. His initial application was denied by the Temporary Release Committee on the ground that he presented a risk to the community in light of the nature of his offense (murder in the second degree). The denial was affirmed on administrative review on the basis that, in the interim, petitioner had become statutorily ineligible for temporary release. Petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court treated respondents' motion to dismiss for failure to state a cause of action as an application to dismiss on the ground of mootness and granted respondents' motion.

Petitioner appeals. We affirm for the reasons set forth in our recent decision in *Matter of McCormack v Posillico* (213 AD2d 913). In that case, we upheld a determination which denied an inmate participation in a temporary work release program based on the prohibition contained in the recent amendment (L 1994, ch 60, § 42) to Correction Law § 851 (2), namely, that no person under sentence for certain offenses, including murder in the second degree, shall be eligible to participate in a work release program. There, as here, the petitioner was serving a sentence for a homicide offense and had not entered a work release program prior to April 1, 1994, the effective date (*see*, L 1994, ch 60, § 46) of the amendment under challenge here. Therefore, petitioner in this case was ineligible to enter the program. Furthermore, in *McCormack* we rejected the same ex post facto argument raised by petitioner on this appeal.

Mikoll, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.