■ In the Matter of HAKI KURTISH, Appellant, v JAMES RECORE, as Director of Temporary Release Programs of the New York State Department of Correctional Services, Respondent. [633 NYS2d 85] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered November 14, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent denying petitioner's requests to participate in an industrial training program and a work release program.

Petitioner is currently serving a prison term of 8 to 24 years upon a conviction of manslaughter in the first degree. He commenced this proceeding challenging the denial of his requests to participate in an industrial training program and a work release program. Initially, inasmuch as petitioner is now statutorily ineligible to participate in a work release program due to his conviction of manslaughter in the first degree (*see*, L 1994, ch 60, § 42), he is not entitled to any relief with regard to this request (*see, Matter of McCormack v Posillico*, 213 AD2d 913). However, because there is no statutory bar to petitioner's participation in an industrial training program (*see*, L 1994, ch 60, § 42; *see also, Matter of Diggins v Recore*, 163 Misc 2d 607), we are compelled to review the merits of this claim.

Petitioner was denied participation in the industrial training program because of "the extremely violent nature" of the crime he committed. Given that participation in temporary release programs is a privilege (*see, Matter of Szucs v Recore*, 209 AD2d 803), we do not find that the denial of petitioner's request based upon the seriousness of his crime was irrational (*see, Matter of Bell v Posillico*, 213 AD2d 959). We have considered petitioner's equal protection argument and find it to be without merit.

Mikoll, J. P., Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.