■ The People of the State of New York, Respondent, v Melissa Fornal, Appellant. [633 NYS2d 372] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered November 8, 1993, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the April 1, 1994, amendment to Correction Law § 851 (2) (L 1994, ch 60, § 42), which, *inter alia,* precludes inmates convicted of manslaughter in the first degree from participating in a "work release program" (Correction Law § 851 [3]), constitutes an ex post facto law and deprives her of due process. The amendment was enacted after the defendant was sentenced and applies to those inmates who were not participating in a work release program as of April 1, 1994 (L 1994, ch 60, § 46).

This issue is improperly raised on the direct appeal from the judgment of conviction, as it does not affect the propriety of the defendant's sentence *(see, e.g., People v Curtis,* 143 AD2d 1030; *People v Walters,* 91 AD2d 843). The defendant's remedy,

if she be so advised, is a proceeding pursuant to CPLR article 78 to challenge the actions of prison officials and the constitutionality of the amendment as applied to her *(see, e.g., Matter of Jandelli v Coughlin,* 217 AD2d 733; *Matter of McCormack v Posillico,* 213 AD2d 913). In any event, were we to reach the issue, we would find it to be without merit *(see, Matter of Jandelli v Coughlin, supra; Matter of McCormack v Posillico, supra; see also, People v Miller,* 79 AD2d 687, *cert denied* 452 US 919).

We conclude that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). The court kept the promise made as part of the negotiated plea agreement that it would not impose a sentence greater than 4 to 12 years *(see, e.g., People v Mercer,* 204 AD2d 741; *People v Charlot,* 203 AD2d 374; *People v Kazepis,* 101 AD2d 816). Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.