■ In the Matter of GARY RAND, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [646 NYS2d 892] —Peters, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered November 17, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services denying petitioner's request for participation in a temporary release program.

Petitioner pleaded guilty to burglary in the first degree in satisfaction of a charge of attempted robbery in the first degree arising from conduct that he engaged in on May 13, 1991. On

that date, after gaining entry to the home of an elderly couple on the pretense of selling home security devices, he handcuffed them, intending to leave the wife at the house while taking the husband to the bank to have him remove all of his money. This crime was foiled when the wife was able to press the panic button notifying an alarm service who, in turn, notified the police. After threatening the victims with what turned out to be a starter pistol and after striking the wife on the head, petitioner fled.

Apprehended by the police and later pleading guilty to burglary in the first degree, petitioner was sentenced in February 1992 to an indeterminate term of imprisonment of 4 to 12 years. Upon his sentencing, it was noted that petitioner had no prior conviction for any criminal offenses and had resided with his wife in a stable family unit. In February 1994, petitioner's application for temporary work release was denied, citing the serious nature of the crime and what was perceived as defendant's threat to the community. Advised that he could reapply in February 1995, petitioner nonetheless appealed this determination to respondent Commissioner of Correctional Services, who affirmed the denial yet noted petitioner's satisfactory program and custodial adjustment. Petitioner thereafter commenced this CPLR article 78 proceeding which resulted in a dismissal by Supreme Court. Petitioner appeals.

On January 24, 1995, Executive Order No. 5 (9 NYCRR 5.5) was issued by the Governor which had the effect of eliminating certain offenses, like petitioner's, from eligibility for temporary release consideration.* On October 13, 1995, such order was subsequently replaced with Executive Order No. 5.1 (Executive Order No. 5.1, 1996 McKinney's Session Law News of NY, at A-408) whereby petitioner remained ineligible for temporary work release consideration. Since these orders took effect after the denial of petitioner's application, he contends that if this Court, upon review, annuls the administrative determination as being affected by "irrationality bordering on impropriety" (*Matter of Hoffman v Wilson*, 86 AD2d 735), he must remain an eligible inmate who could be considered for participation in the temporary work release program.

We disagree. We recently articulated in *Matter of McCormack v Posillico* (213 AD2d 913) that since "[p]articipation in

---

\* The Department of Correctional Services therefore amended the temporary release eligibility regulations contained in 7 NYCRR 1900.4. In response to challenges to the authority of the Governor to issue such orders, the Legislature thereafter amended Correction Law § 851 (2) to provide such authority.

the temporary work release program is a privilege, not a right (Correction Law § 855 [9]) * * * the ex post facto doctrine is inapplicable" (*supra*, at 914). Thus, were we to annul the Commissioner's determination and remit this matter to the administrative agency for reconsideration, petitioner's eligibility status would nonetheless be determined as of the date that he would be reconsidered. Due to petitioner's underlying conviction, he is clearly ineligible for consideration and therefore appellate review is futile. Moreover, were we to conduct a full review of the underlying determination, we would find no error (*see, Matter of McCormack v Posillico, supra; Matter of Lippa v Coughlin*, 205 AD2d 814; *Matter of Walker v New York State Div. of Parole*, 203 AD2d 757).

We have considered petitioner's remaining contentions and find them without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.