■ In the Matter of LAWRENCE DIXON, Appellant, v CURT STRUNA, as Temporary Release Reviewer of Temporary Release Program, et al., Respondents. [666 NYS2d 519] —Mercure, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered February 7, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for participation in a temporary release work program.

Petitioner, an inmate at a State correctional facility, challenges the 1996 denial of his request to participate in a temporary work release program on various procedural and constitutional grounds, arguing that he is entitled to have respondents reconsider his application. However, inasmuch as petitioner reapplied for temporary release in 1997 and was again denied participation following reconsideration, the appeal is now moot (see, Matter of Roper v Recore, 222 AD2d 911; Matter of Prescott v Coughlin, 221 AD2d 785).

In any event, were we to address the merits, we perceive no basis for disturbing respondents' determination because the denial was rationally based in fact and violated neither a statutory mandate nor petitioner's constitutional rights. Contrary to petitioner's contention, applicable law did not prohibit respondents from considering the nature of the convictions for which he was incarcerated in denying his application (see, 7 NYCRR 1900.4 [c] [1]; Matter of Rossney v Pataki, 239 AD2d 632, 633-634). Moreover, because participation in a temporary work release program is a privilege, rather than a right, the ex post facto doctrine is inapplicable (see, Matter of Rand v Coughlin, 229 AD2d 803; Matter of McCormack v Posillico, 213 AD2d 913). Petitioner's remaining constitutional arguments are unsupported by the record, which does not reveal that the administrative process was procedurally unsound or tainted by racial discrimination (see, 7 NYCRR 1904.2; see also, Matter of Santiago v Recore, 242 AD2d 773). Finally, inasmuch as the denial of petitioner's application was premised upon his bail jumping conviction and the serious nature of his criminal history, we cannot conclude that it was irrational (see, Matter of Montgomery v Recore, 217 AD2d 777; Matter of Jones v Coughlin, 201 AD2d 823).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.