◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON CATTS, Appellant. [665 NYS2d 586] —Appeal by the defendant from (1) a judgment of the County Court, Dutchess County (Marlow, J.), rendered March 15, 1996, convicting him of criminal possession of a controlled substance in the fifth degree under Superior Court Information No. 13/95, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered March 15, 1996, convicting him of assault in the first degree under Indictment No. 119/95, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

With respect to the defendant's appeal of the judgment convicting him of criminal possession of a controlled substance in the fifth degree, we have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel with respect to this conviction is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606).

The defendant's contention that the sentence of 5 to 15 years imprisonment for the conviction of assault in the first degree was excessive is without merit (*see, People v Suitte,* 90 AD2d 80). The defendant was sentenced consistent with the plea agreement (*see, People v Fornal,* 221 AD2d 361, 362; *People v Kazepis,* 101 AD2d 816). Although the sentence imposed was the maximum, the plea was in satisfaction of a four-count indictment which included a charge of attempted murder in the second degree (*see, People v Blakeslee,* 193 AD2d 958;

*People v Harvey,* 192 AD2d 956, 957). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.