■ In the Matter of MICHAEL SCAROLA, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [698 NYS2d 60] —Graffeo, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 30, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for a merit time allowance.

Petitioner, an inmate incarcerated at Attica Correctional Facility in Wyoming County, challenges respondents' determination that he was ineligible to receive a "merit time allowance". In 1997 the Legislature amended Correction Law § 803 (*see*, L 1997, ch 435) to allow an eligible inmate to receive a merit time allowance against his or her minimum term of imprisonment "in the amount of one-sixth of the minimum term or period imposed by the court" (Correction Law § 803 [1] [d]; *see also*, Correction Law § 803 [2-a]). The statute expressly excludes inmates convicted of certain crimes from eligibility and also provides, *inter alia*, that merit time allowances "shall be withheld for any serious disciplinary infraction" (Correction Law § 803 [1] [d]). Shortly after the statutory amendment was enacted, the Department of Correctional Services disseminated information regarding disqualifying serious disciplinary infrac-

tions, which included offenses such as possession of a weapon or assault of an inmate. Furthermore, any inmate who served more than 60 days in keeplock or the special housing unit was also ineligible for merit time.

Since petitioner had served over 100 days in keeplock and over 40 days in the special housing unit as the result of several serious disciplinary infractions, in September 1997 he received notification that he was "ineligible for merit time due to spending (60) or more days keeplock, (total), during this incarceration". Petitioner ultimately commenced this CPLR article 78 proceeding contesting his ineligibility, which was dismissed by Supreme Court on the merits.

We affirm. In our view, the denial of petitioner's request for a merit time allowance was rationally based on his disciplinary record and his disqualification violated neither a statutory mandate (see, Correction Law § 803 [4]) nor his constitutional rights. We reject petitioner's contention that the denial of his allowance request, based upon penalties for disciplinary infractions which occurred prior to the effective date of the legislation, renders the statute an impermissible ex post facto enactment (see, US Const, art. I, § 10; NY Const, art I, § 6).* It is apparent that the merit time statute does not punish inmates "for acts previously committed that were innocent when performed, nor enhanced the punishment for a crime after its commission" (People v Weinberg, 83 NY2d 262, 266). Participation in the merit time allowance program is a privilege, not a right (see, Correction Law § 803 [4]), and, accordingly, the ex post facto doctrine is inapplicable (see, Matter of Dixon v Struna, 244 AD2d 827, lv denied 91 NY2d 810; Matter of McCormack v Posillico, 213 AD2d 913). We are similarly unpersuaded by petitioner's contention that the enactment of the merit time legislation created a constitutionally protected liberty interest (see generally, Lee v Governor of State of N. Y., 87 F3d 55, 60).

We have examined petitioner's remaining arguments and find them to be unpersuasive. With respect to petitioner's claim that the Commissioner impermissibly failed to provide an avenue through which inmates could appeal adverse merit time allowance determinations pursuant to, inter alia, Correction Law § 803 (3), we note that petitioner has failed to establish that he was aggrieved since he successfully obtained this review.

---

* Nevertheless, as pointed out by respondents, petitioner does not object to the retroactive application of the merit time credit to inmates incarcerated prior to the effective date of the legislation.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.