■ In the Matter of JOHN G. COLEMAN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [761 NYS2d 556] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 3, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner eligibility for merit time pursuant to Correction Law § 803.

Petitioner was convicted in 1981 of robbery in the third degree, a class D felony (*see* Penal Law § 160.05). He was sentenced, as a persistent felony offender, to a period of incarceration of 25 years to life (*see* Penal Law § 70.10 [2]). In July 2001, petitioner applied to the Office of Sentencing Review for merit time consideration pursuant to Correction Law § 803. The Deputy Commissioner and Counsel of the Department of Correctional Services and the Assistant Director of the Office of Sentencing Review separately notified petitioner that he was disqualified from earning merit time because he was serving, as a persistent felony offender, "a sentence of imprisonment authorized for a Class A-1 felony."

Petitioner then commenced this CPLR article 78 proceeding,

seeking reversal of the decision denying him merit time and an appearance before the Parole Board and an order directing respondent to place his name "on the list for the next available * * * Parole Board." Petitioner challenged respondent's regulation interpreting Correction Law § 803 (1), arguing that while the statute denies merit time to inmates convicted of an A-1 felony offense, it does not deny merit time to those "serving an indeterminate sentence of imprisonment authorized for an A-1 felony" (7 NYCRR 280.2 [a] [3]), such as persistent felony offenders. Supreme Court dismissed the petition and petitioner appeals.

Although petitioner now argues that his pro se petition was in the nature of mandamus to review, our review of the petition and supporting documents reveals that petitioner sought an order directing "respondent to grant [him] Merit Time and place him on the list for the next available * * * Parole Board," presumably pursuant to 7 NYCRR 280.4. As respondent asserts, the petition is therefore properly characterized as one in the nature of mandamus to compel. Inasmuch as petitioner concedes that the granting or withholding of merit time is a discretionary determination (see Correction Law § 803 [4]), the petition cannot lie (see Matter of Garrison Protective Servs. v Office of Comptroller of City of N.Y., 92 NY2d 732, 736 [1999]; Klostermann v Cuomo, 61 NY2d 525, 539-540 [1984]; Matter of Dyno v Hillis, 274 AD2d 908, 909 [2000], appeal dismissed 95 NY2d 958 [2000], lv denied 96 NY2d 706 [2001]).

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.