■ In the Matter of TOMMY LA ROCCO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [790 NYS2d 265]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 2, 2004 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services denying petitioner's request for a merit time allowance.

Petitioner, an inmate, was denied eligibility for a merit time allowance because his disciplinary record included 213 days of keeplock confinement. This determination was upheld by respondent Commissioner of Correctional Services based upon the provisions of Directive 4790, which state that inmates who have committed serious disciplinary infractions, including disciplinary sanctions totaling 60 or more days in the special housing unit or keeplock time, are ineligible for merit time consideration (*see* 7 NYCRR 280.2 [b] [3]). Petitioner commenced this CPLR article 78 proceeding challenging the determination and the petition was dismissed by Supreme Court. This appeal ensued.

We affirm. Initially, we note that the granting or withholding of merit time is a discretionary determination (*see* Correction

Law § 803 [4]; *Matter of Coleman v Goord*, 307 AD2d 462, 463 [2003]). Pursuant to the clear language of Directive 4790 and the fact that petitioner's disciplinary record included more than 60 days of keeplock time, we find no abuse of discretion in the denial of his request for a merit time allowance (*see Matter of Scarola v Goord*, 266 AD2d 598 [1999], *lv denied* 94 NY2d 760 [2000]). Petitioner's remaining contentions, including his claim that the statute authorizing merit time allowances constitutes an unconstitutional ex post facto law, have been considered and found to be without merit (*see id.*).

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.