*993 OPINION OF THE COURT
Dan Lamont, J.
Petitioner Kai-Shek Green, an inmate at Coxsackie Correctional Facility, brings this CPLR article 78 proceeding to review respondents’ multiple determinations finding him ineligible for a merit time allowance. Respondents have previously filed a motion to dismiss — which this court denied by decision/ order dated October 18, 2005. Respondents have now filed an answer, including an objection in point of law, to wit: that petitioner has failed to exhaust his administrative remedies. Petitioner has filed a reply by letter (undated) mailed on November 30, 2005.
Background
Petitioner is currently serving an indeterminate sentence of imprisonment of I2V2 to 25 years for criminal sale of a controlled substance in the third degree, consecutive to his prior indeterminate sentence of imprisonment of 2 to 6 years for criminal possession of a controlled substance in the fifth degree. Respondents have determined that petitioner is not eligible to receive supplemental merit time and merit time because of his unsatisfactory disciplinary record.
Correction Law § 803 (1) (d) (iv) withholds from inmates an award of a merit time allowance for “any serious disciplinary infraction.” 7 NYCRR 280.2 (b) (3) identifies “a serious disciplinary infraction” as behavior which results in the “receipt of disciplinary sanctions under Part 253 or 254 of this Title which total 60 or more days of SHU [special housing unit] and/or keeplock time.”
The fact that petitioner has received 66 days of keeplock is not in dispute. Petitioner received 19 days of keeplock on June 30, 1998 while serving his 2-to-6-year indeterminate sentence of imprisonment — before he was sentenced on October 2, 1998 to the consecutive indeterminate sentence of imprisonment of I2V2 to 25 years. Thereafter, petitioner received 47 days of keeplock (Jan. 25, 1999-5 days; June 4, 1999-21 days; Apr. 6, 2000-14 days; Jan. 23, 2002-7 days) (petition, exhibit 8; answer, exhibit D). Petitioner contends that the 19 days of keeplock which he received on June 30, 1998 while serving his 2-to-6-year sentence of imprisonment should not be added to the keeplock sanctions he received after he was sentenced to his consecutive 121/2-to-25-year indeterminate sentence of imprisonment. Petitioner further contends that the words “any serious disciplinary infrac *994 tion” as used in Correction Law § 803 do not allow respondents to add the keeplock sanctions received on multiple disciplinary infractions to deny him eligibility for consideration for a merit time allowance.
Discussion
For the reasons which follow, this court holds and determines that respondents’ determination herein is affected by an error of law.
Correction Law § 803 (“Good behavior allowances against indeterminate and determinate sentences”) provides in applicable part as follows: “(1) (d) . . . Such allowance shall be withheld for any serious disciplinary infraction” (emphasis supplied).
New York State Department of Correctional Services Regulations (7 NYCRR) § 280.2 (and, in substance, Department of Correctional Services [DOCS] Directive 4790, “Merit Time”) provides as follows:
“Eligibility.
“An inmate must satisfy all criteria set forth in subdivisions (a) through (d) of this section to be eligible for merit time consideration . . .
“(b) Disciplinary record criteria. An inmate must not commit any serious disciplinary infraction. A serious disciplinary infraction shall be identified as behavior which results in criminal or disciplinary sanctions as follows:
“(1) any conviction for a State or Federal crime that was committed after the inmate was committed to the Department of Correctional Services;
“(2) a finding under Part 253 or 254 of this Title of violation of any of the following rules as described in section 270.2 of this Title:
“(i) 1.00 — Penal Law offenses;
“(ii) 100.10 — assault on inmate;
“(iii) 100.11 — assault on staff;
“(iv) 100.12 — assault on other;
“(v) 101.10 — sex offense;
“(vi) 101.20 — lewd exposure;
“(vii) 104.10 — rioting;
“(viii) 105.12 — unauthorized organization;
“(ix) 108.10 — escape;
“(x) 108.15 — abscondance;
*995 “(xi) 113.10 — weapon;
“(xii) 113.13 — alcohol;
“(xiii) 113.24 — drug use;
“(xiv) 113.25 — drug possession;
“(xv) 117.10 — explosives;
“(xvi) 118.10 — arson;
“(xvii) 118.22 — unhygienic act;
“(xviii) 180.14 — urinalysis violation;
“(3) receipt of disciplinary sanctions under Part 253 and 254 of this Title which total 60 or more days of SHU and]or keeplock time-, or
“(4) receipt of any recommended loss of good time as a disciplinary sanction under Part 254 of this Title.” (Emphasis supplied.)
Statutory construction is clearly a function of the courts (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 75; see also, Matter of Yong-Myun Rho v Ambach, 74 NY2d 318 [1989]). The rules of statutory construction require that when the language of a statute is clear, the court must give effect to the plain and ordinary meaning of the words used therein (see, Statutes § 94; see also, People v Munoz, 207 AD2d 418 [2d Dept 1994]). Moreover, Statutes § 94, Comment explicitly provides in part as follows: “The Legislature is presumed to mean what it says.”
This court holds and determines that when the Legislature enacted Correction Law § 803 (1) (d), providing that such merit time allowance shall be withheld from an inmate for “any serious disciplinary infraction,” the only plain English construction of that statute and the plain and ordinary meaning of the words used therein require that “any serious disciplinary infraction” means one serious disciplinary infraction. As used in 7 NYCRR 280.2 (b), “a serious disciplinary infraction” in plain English means one serious disciplinary infraction. That plain English meaning has been fully adhered to by respondents in promulgating subdivisions (1), (2) and (4) of section 280.2 (b) and the corresponding subdivisions of DOCS Directive 4790.
However, this court holds and determines that the aggregation of disciplinary sanctions for two or more disciplinary infractions — each of which standing alone is not a “serious disciplinary infraction” — constitutes a violation of both the statute (Correction Law § 803 [1] [d]) and arguably constitutes a violation of the Department of Correctional Services’ own rule (7 NYCRR 280.2 [b]; DOCS Directive 4790). In other words, if “a *996 serious disciplinary infraction” is behavior which results in disciplinary sanctions which total 60 or more days of SHU and/or keeplock time, then a disciplinary infraction which results in disciplinary sanctions of less than 60 days of SHU and/or keeplock time is not a serious disciplinary infraction; therefore, two or more disciplinary infractions, none of which in itself constitutes a serious disciplinary infraction, cannot under the statute (Correction Law § 803 [1] [d]) be aggregated by respondents to “create” a serious disciplinary infraction.
Therefore, this court holds and determines that respondents’ administrative determination, to wit: that petitioner — because he has received a total of 66 days of keeplock disciplinary sanctions for five separate, distinct disciplinary infractions — is ineligible to be considered for a merit time allowance is affected by an error of law.
This court has carefully reviewed the Appellate Division, Third Department, opinions in Matter of Scarola v Goord (266 AD2d 598 [3d Dept 1999], lv denied 94 NY2d 760 [2000]) and Matter of La Rocco v Goord (15 AD3d 809 [3d Dept 2005]). Although clearly binding upon this court and arguably determinative herein, those proceedings do not seem to present the precise issue raised herein. Petitioner Scarola had served over 100 days in keeplock and over 40 days in the special housing unit “as a result of several serious disciplinary infractions” (Scarola v Goord, supra at 599 [emphasis added]). Those serious disciplinary infractions according to the records on file under Scarola v Goord in the Albany County Clerk’s Office included: “100.10 Assault on Inmate” committed on March 21, 1993 and “100.10 Assault on Inmate” and “113.10 Weapon” committed on April 13, 1991 (Scarola answer, exhibit A; see, 7 NYCRR 280.2 [b] [2] [ii], [xi]). Petitioner La Rocco’s disciplinary record included 213 days of keeplock confinement. The argument made herein that DOCS Directive 4790 and 7 NYCRR 280.2 (b) (3) violate the provisions of Correction Law § 803 (1) (d) does not appear to have been raised by pro se petitioner La Rocco.
This court recognizes and acknowledges that the New York State Department of Correctional Services is required to promulgate rules to administer the prison system and to promulgate and administer procedures pertaining to the granting of merit time. This court is not saying that the petitioner herein should be granted a merit time allowance. This court is simply holding and determining that respondents’ administrative determination that petitioner is ineligible to be considered *997 for merit time is affected by an error of law because such an aggregation of SHU and/or keeplock time for several disciplinary infractions constitutes a violation of the plain language of Correction Law § 803 (1) (d).
The Legislature in Correction Law § 803 (1) (d) expressly provided that an inmate who had committed “any serious disciplinary infraction” is not eligible for a merit time allowance. The Legislature in Correction Law § 803 (1) (d) did not provide that an inmate who had committed a whole bunch of minor or “nonserious” disciplinary infractions was ineligible for consideration for a merit time allowance. The respondents did that by 7 NYCRR 280.2 (b) (3), and this court holds and determines that such rule and the respondents’ interpretation and application of such rule violates the express provision of the Legislature as set forth in Correction Law § 803 (1) (d).
Parenthetically, the respondents’ rule, 7 NYCRR 280.2 (b) (3), as promulgated by and interpreted by respondents would also render any A-II felony drug offender inmate with multiple non-serious disciplinary infractions resulting in the receipt of multiple disciplinary sanctions of SHU and/or keeplock time which total 60 or more days (similar to respondents herein) ineligible for consideration for resentencing pursuant to chapter 643 of the Laws of 2005.
Conclusion
This court holds and determines that the petition should be and the same is hereby granted, and the respondents’ determination that petitioner is not eligible to be considered for a merit time allowance is hereby vacated upon the ground that such administrative determination is affected by an error of law in that such determination is not in accord with the plain and ordinary meaning of the words used by the Legislature in Correction Law § 803 (1) (d).
It is adjudged that the petition is .granted, and that respondents’ administrative determination that petitioner is not eligible for consideration for merit time is hereby vacated and set aside as affected by an error of law.