■ In the Matter of KEVIN MARTIN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. (And Another Related Proceeding.) [845 NYS2d 524]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (McNamara, J.), entered January 24, 2006 in Albany County, which dismissed petitioner's application, in proceeding No. 1 pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying petitioner's inmate

grievance, and (2) from a judgment of said court (Lamont, J.), entered August 18, 2006 in Albany County, which dismissed petitioner's application, in proceeding No. 2 pursuant to CPLR article 78, to review a determination of the Department of Correctional Services withholding petitioner's good time credit.

In 1986, petitioner was convicted of several crimes, including rape in the first degree, and began serving a 10 to 20-year prison sentence (*People v Martin*, 141 AD2d 856 [1988]). Soon after being conditionally released, petitioner was arrested and thereafter convicted of attempted criminal possession of a controlled substance in the fifth degree (*People v Martin*, 295 AD2d 370 [2002], *lv denied* 98 NY2d 769 [2002]). This conviction resulted in a 1½ to 3-year prison sentence, which ran consecutive to the remainder of his sentence on the rape conviction (*see* Penal Law § 70.25 [2-a]; *Matter of El-Aziz v Goord*, 27 AD3d 861, 862 [2006], *lv denied* 7 NY3d 704 [2006]). After his return to prison, the Department of Correctional Services (hereinafter DOCS) informed petitioner that he was required to complete a sex offender counseling program (hereinafter SOCP) before he would be conditionally released. Petitioner filed a grievance challenging that requirement. When his grievance was unsuccessful, he commenced a CPLR article 78 proceeding. Supreme Court (McNamara, J.) dismissed his petition.

Petitioner began participating in the SOCP, but was discharged from the program without completing it. This removal from the program caused petitioner to lose good time credit, leading him to commence a second CPLR article 78 proceeding. Supreme Court (Lamont, J.) dismissed that petition as well. Petitioner appeals from both judgments.

DOCS properly recommended that petitioner participate in the SOCP. Because petitioner was serving the unexpired portion of the sentence on his rape conviction, he was serving a sentence for a sexual offense, thereby qualifying him for the SOCP. Although petitioner participated in a sex offender course during his prior incarceration, DOCS rationally held that the earlier course was not as comprehensive as, and did not satisfy the counseling and treatment objectives of, the standardized programs now in existence (*see Matter of Tucker v Nuttall*, 31 AD3d 1078, 1078 [2006]). DOCS's standardization of programs and the resulting policy change did not violate the ex post facto clause of either the State or Federal Constitution (*see Matter of Scarola v Goord*, 266 AD2d 598, 599 [1999], *lv denied* 94 NY2d 760 [2000]; *Matter of V & A Towing v City of New York*, 197 AD2d 386, 387 [1993]).

DOCS did not act arbitrarily or capriciously in terminating

petitioner's participation in the SOCP or withholding good time credit. The termination was based upon poor evaluations linked to petitioner's negative attitude and his failure or refusal to take full responsibility for his offending behavior (*see Matter of Winkler v New York State Dept. of Correctional Servs.*, 34 AD3d 993, 994 [2006]). Termination from a recommended or required sex offender treatment program provides a rational basis for withholding good time credit, as it represents a refusal to address the behavior that resulted in incarceration (*see Matter of Edwards v Goord*, 26 AD3d 659, 660 [2006], *lv denied* 7 NY3d 710 [2006]; *Matter of Majeed v Goord*, 279 AD2d 832, 833 [2001], *lv denied* 96 NY2d 713 [2001]; 7 NYCRR 260.3 [b]).

Petitioner's contention that DOCS could not withhold good time credit after issuing him earned eligibility certificates is inapposite as such certificates are applicable to parole, not to good time credit (*compare* Correction Law § 803 *with* Correction Law § 805).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgments are affirmed, without costs.