*1205 Initially, petitioner acknowledges that he was advised of his right to administratively appeal the disciplinary determination within 30 days thereof, but did not do so. Accordingly, our review of that determination is precluded by petitioner’s failure to exhaust his administrative remedies (see Matter of Weems v Fischer, 82 AD3d 1454, 1455 [2011]).
With regard to petitioner’s challenge to the merit time allowance determination, as is relevant here, an inmate is disqualified from receiving a merit time allowance if he or she has committed “any serious disciplinary infraction” (Correction Law § 803 [1] [d] [iv]). The Department of Corrections and Community Supervision has promulgated a code section enumerating such “serious disciplinary infraction[s]” (7 NYCRR 280.2 [b]), and petitioner argues that because rule 105.13 is not specifically set forth therein, the infraction cannot serve to disqualify him from consideration for a merit time allowance. We disagree. Rule 105.12, which is enumerated in the relevant code section (see 7 NYCRR 280.2 [b] [2] [viii]), was repealed and replaced by rule 105.13 as of May 28, 2008 (see 7 NYCRR 270.2 [B] [6] [iv]). The Department thereafter issued Merit Time Directive No. 4790 (dated October 12, 2011) specifically providing that disqualifying disciplinary infractions include rule 105.12 — for violations occurring prior to May 28, 2008 — and rule 105.13. Accordingly, we find that the determination had a rational basis and was not an abuse of discretion or arbitrary and capricious (see Matter of Brooks v Fischer, 95 AD3d 1578, 1578 [2012]; Matter of Green v Bradt, 91 AD3d 1235, 1237 *1206 [2012], lv denied 19 NY3d 802 [2012]; Matter of La Rocco v Goord, 15 AD3d 809, 809-810 [2005]).
Rose, J.P., Lahtinen, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the part of the petition challenging the tier III determination is dismissed, without costs. Adjudged that the determination denying petitioner a merit time allowance is confirmed, without costs, and petition dismissed to that extent.