*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015          518990
_____

In the Matter of ALAN J.
     HOROWITZ,
                         Appellant,

          v
                                              MEMORANDUM AND ORDER
BRIAN FISCHER, as Commissioner
     of Corrections and Community
     Supervision, et al.,
                         Respondents.
_____

Calendar Date:   September 9, 2015

Before:   Peters, P.J., Lahtinen, Garry and Rose, JJ.

                         _____


          Alan J. Horowitz, Marcy, appellant pro se.

          Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondents.

                         _____


Rose, J.

          Appeal from a judgment of the Supreme Court (Platkin, J.),
entered April 23, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to, among other things, review a determination of the
Central Office Review Committee denying his inmate grievances.

          Following his guilty plea in satisfaction of an indictment
charging him with over 30 counts of various sex crimes against
children, petitioner was incarcerated at Clinton Correctional
Facility in Clinton County where he participated in a Sex
Offender Counseling and Treatment Program (hereinafter SOCTP).
In August 2010, petitioner met with the Retention Review

Committee (hereinafter RRC) to evaluate his progress, and the RRC recommended that he be terminated from the program because he was not progressing in accordance with the SOCTP guidelines.  In response, petitioner filed two grievances challenging the RRC's recommendation, which were consolidated and ultimately denied by the Central Office Review Committee (hereinafter CORC).

Petitioner then commenced this CPLR article 78 proceeding challenging, among other things, CORC's denial of his grievances. While this proceeding was pending, petitioner was reinstated to the SOCTP, whereupon respondents moved to dismiss the petition as moot and Supreme Court agreed.  On appeal, however, we found that the issue of petitioner's earlier termination from the SOCTP was not moot, inasmuch as it remained a part of his institutional record and could be considered in a pending Mental Hygiene Law article 10 proceeding (107 AD3d 1179, 1180 [2013]).  We therefore reinstated that portion of the petition challenging the denial of the grievances and remitted the matter to Supreme Court (id.). Upon remittal, Supreme Court considered the petition on the merits and dismissed it in its entirety, prompting the instant appeal.

We affirm.  "'Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law'" (Matter of Nunez v Central Off. Review Comm., 126 AD3d 1248, 1249 [2015], lv denied 25 NY3d 911 [2015], quoting Matter of Hutchinson v Fischer, 112 AD3d 1245, 1245 [2013], lv denied 23 NY3d 903 [2014] [citations omitted]).  If the determination is rationally supported by the record, "courts may not substitute their judgment for that of the agency for it is not their role to weigh the desirability of any action or to choose among alternatives" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [2007] [internal quotation marks, brackets and citations omitted]; accord Matter of Dugan v Liggan, 121 AD3d 1471, 1473 [2014]; see Matter of Harrison v Selsky, 2 AD3d 1232, 1233 [2003]).

As petitioner maintains, he received satisfactory monthly evaluations while participating in the SOCTP and he was rated as "motivated" or "highly motivated" to change his behavior based on

an overall assessment of a variety of factors.  However, as the Department of Corrections and Community Supervision pointed out in a letter to petitioner, the rating system is a "subjective" metric.  Indeed, petitioner's general, subjective evaluations are contradicted by several specific, clinical observations of petitioner's "pervasive denial, justification, rationalization and minimization" of his sexually abusive behavior toward children, including his steadfast adherence to the notion that his victims initiated the sexual contact for which he was convicted, that children should have the legal right to consent to such contact and numerous other statements about his conduct that contradict his ratings.  Accordingly, we find that the record before us contains evidence providing a rational basis to deny petitioner's grievances regarding his termination from the SOCTP (see Matter of Martin v Goord, 45 AD3d 992, 993-994 [2007], appeal dismissed 10 NY3d 756 [2008]; Matter of Winkler v New York State Dept. of Correctional Servs., 34 AD3d 993, 994 [2006]).

Petitioner's remaining arguments, including his due process claims, have been examined and found to be without merit.

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court